United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EMMANUEL GONZALEZ,**<br><br>  Plaintiff,<br><br>  vs.<br><br>**TAGGED, INC.,**<br><br>  Defendant. | Case No.: 16-cv-00574- YGR<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 35, 36, 42 |

Plaintiff Emmanuel Gonzalez brings this action against defendant Tagged, Inc. for direct infringement of six patent claims: three claims of U.S. Patent Number 7,558,807 (the "'807 patent") and three claims of U.S. Patent Number 7,873,665 (the "'665 patent") (collectively, the "asserted claims").[1] Defendant denies infringement and alleges that the asserted claims are invalid on Section 101 and Section 102 grounds, 35 U.S.C. sections 101 and 102.

Currently pending before the Court are plaintiff's motion to stay this action (Dkt. No. 35) and defendant's motion for summary judgment (Dkt. No. 36).[2] Having carefully considered the papers submitted, the evidence, and the pleadings in this action and for the reasons discussed below, the Court hereby **DENIES** plaintiff's motion to stay and **GRANTS** defendant's motion for summary judgment.[3]

---

[1] Although plaintiff originally asserted more claims against defendant, plaintiff limited the asserted claims to these six on April 26, 2016.

[2] In light of the Court's ruling as set forth herein the parties' stipulation to extend the expert discovery period (Dkt. No. 42) is **DENIED AS MOOT**.

[3] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

## I.  BACKGROUND

This action was originally filed on October 22, 2014 in the Eastern District of Texas. *See* Case No. 14-cv-993-JRG-RSP (E.D. Tex.). That court related this action to similar actions alleging infringement of the same asserted claims, including an action brought by plaintiff against New Life Ventures, Inc. ("NLV"). *See* Case No. 14-cv-907-JRG-RSP (E.D. Tex.) (the "NLV action"). On February 17, 2015, Tagged filed a motion to transfer venue to the Northern District of California pursuant to 28 U.S.C. section 1404(a), which was granted on September 22, 2015.

Following entry of the transfer order, but before administrative transfer to this Court, Tagged and NLV filed a joint motion for summary judgment based on invalidity of the asserted claims on Section 101 grounds. (NLV Action, Consolidated Dkt. No. 142.) On February 6, 2016, Magistrate Judge Payne issued a report and recommendation on the joint summary judgment motion, recommending that District Court Judge Gilstrap deny the same on Section 101 grounds. (*Id*. at Dkt. No. 160.) Next, on February 19, 2016, NLV objected to Magistrate Judge Payne's recommended denial. (*Id*. at Dkt. No. 169.) In the interim, Tagged's claims were transferred to this Court. On April 26, 2016, Judge Gilstrap agreed with NLV, vacating Judge Payne's report and recommendation. (*Id*. at Dkt. No. 185, the "NLV order.") Specifically, the NLV order found that the asserted claims were invalid on Section 101 grounds because they are not directed to patentable subject matter. (*Id*.)

Plaintiff filed a motion to stay these proceedings the same day the NLV order issued. (Dkt. No. 35.) Plaintiff represents that he intends to appeal the NLV order, and argues that a stay of this case pending a decision by the United States Court of Appeals for the Federal Circuit in the NLV action will promote judicial economy and conserve resources of the parties. Defendant opposes, arguing a stay is not appropriate because it will needlessly delay entry of judgment in its favor with no countervailing benefit. In addition to opposing plaintiff's motion to stay, defendant concurrently filed a motion for summary judgment, based in part on collateral estoppel given the preclusive effect of the NLV order here with respect to invalidity of the asserted claims under Section 101.

///

**II.     DISCUSSION**

Where separate judicial proceedings "are necessarily controlling of the action before the court," a district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of" the other proceedings. *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (1979) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952)). If appropriate, the district court "may order a stay of the action pursuant to its power to control its docket" so that a just and efficient resolution of the case may be reached. *Id.* at 864. In making such a determination in a patent case, district courts consider three factors: (1) the stage of the case; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage of the non-moving party. *See Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006) (citing *In re Cygnus Telecom. Tech., LLC Patent Litig.*, 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005)).

With respect to the first factor, the advanced stage of this case weighs against a stay. This case has been litigated for more than eighteen months, during which time the parties have engaged in discovery and litigated summary judgment on Section 101 grounds in the Eastern District of Texas. The parties agree that the NLV order is entitled to preclusive effect over all of plaintiff's asserted claims. Indeed, plaintiff does not contest defendant's position that the pendency of an appeal in the Federal Circuit "does not suspend the operation of an otherwise final judgment as *res judicata* or collateral estoppel." *Convergence Corp. v. Videomedia*, 539 F.Supp. 760, 762 (N.D. Cal. 1981). Nor could he. The Ninth Circuit has long held that the "benefits of giving a judgment preclusive effect pending appeal outweigh any risks of a later reversal of that judgment." *Collins v. DR Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007). Accordingly, absent a stay, the Court is in a position to enter judgment in favor of defendant due to the collateral estoppel effect of the judgment of invalidity in the NLV order.

With respect to the second factor, the Court finds no reason that a stay would simplify the issues here. The Court need not await the determination of another proceeding to enter judgment; as discussed above, entry of judgment may occur now. In fact, a stay could complicate the issues.

A stay would prevent any appeal from judgment in this case from being consolidated with plaintiff's appeal of the NLV order.

With respect to the third factor, the potential prejudice to defendant as the non-moving party weighs against a stay. A stay has the potential to prejudice defendant in two material ways. First, a stay would circumvent the need for plaintiff to file a parallel appeal in this action on identical issues, preventing defendant from participating in the appeal to the Federal Circuit. The Court rejects plaintiff's contention that defendant will not be prejudiced if it does not participate in the appeal simply because defendant is represented by the same defense counsel as NLV. Defendant is entitled to present its own arguments on appeal regardless of its shared legal representation. Second, a stay would thwart defendant's efforts to bring a motion for attorney's fees until resolution of the appeal from the NLV order.[4] This could delay a ruling on defendant's request for attorney's fees for more than a year.

Moreover, plaintiff will not be prejudiced in the absence of a stay.[5] Plaintiff can protect its asserted claims against defendant in the event of a reversal by the Federal Circuit in at least two ways: "[1] by a protective appeal in [this] action that is held open pending determination of the appeal in the [NLV] action, or [2] by a direct action to vacate" this Court's judgment pursuant to Federal Rule of Civil Procedure 60(b)(5). *Collins, supra*, 505 F.3d at 883. Especially in light of these avenues of recourse available to plaintiff, the Court finds that a stay pending appeal is not appropriate in this case. Plaintiff's motion to stay this case pending appeal of the NLV order to the Federal Circuit is **DENIED**.

Having denied plaintiff's motion to stay, the Court considers defendant's motion for summary judgment. Defendant asserts, and plaintiff does not contest, that the NLV order collaterally estops plaintiff from pursuing the asserted claims here, as they have been adjudged

---

[4] The Court makes no finding at this time with respect to whether defendant might prevail on a motion for attorney's fees.

[5] The Court recognizes plaintiff's legitimate concern that the parties would incur costs unnecessarily in connection with briefing defendant's motion for summary judgment. In light of the Court's ongoing trial schedule, however, the Court was unable to resolve the motion to stay prior to the parties' filing obligations on the motion for summary judgment. As the motion for summary judgment is now fully briefed, the concern for costs is effectively moot.

4

invalid under Section 101.  (*See* Dkt. No. 40 at 7:17-18.)  The Court agrees.  Plaintiff is precluded from re-litigating the Section 101 issue on the asserted claims because all four requirements for collateral estoppel are met here: (1) plaintiff had a "full and fair opportunity to litigate" the Section 101 issue in the NLV action; (2) the Section 101 "issue was actually litigated" in the NLV action; (3) the Section 101 "issue was lost [by plaintiff] as a result of a final judgment in that action," regardless of any appeal therefrom; and (4) plaintiff "was a party" in the NLV action.  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 4050 (9th Cir. 2008).  Consequently, judgment in favor of defendant is appropriate based on the invalidity of the asserted claims on Section 101 grounds as established in the NLV order.  Defendant's motion is **GRANTED** based on invalidity of the asserted claims under Section 101.

Defendant also moves for summary judgment on grounds that plaintiff's asserted claims are invalid under Section 102.  Plaintiff opposes, contending the parties' litigation of Section 102 in the Eastern District of Texas should estop defendant from litigating the same issue here.  Plaintiff otherwise contends that defendant has failed to show that the asserted claims are invalid under Section 102.  In light of the Court's judgment of invalidity under Section 101 resulting from the preclusive effect of the NLV order, *supra*, the Court need not reach the parties' arguments with respect to Section 102.  The Court makes no findings on Section 102 as applied to the asserted claims either as a result of collateral estoppel or on the merits.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's motion to stay (Dkt. No. 35) and **GRANTS** defendant's motion for summary judgment (Dkt. No. 36) on Section 101 grounds.  Judgment is entered in favor of defendant.  Plaintiff may reopen this judgment under Rule 60(b)(5) in the event that the Federal Circuit does not affirm the NLV order on which this judgment is based.

This Order terminates Docket Numbers 35, 36, and 42.

**IT IS SO ORDERED**.

Dated: June 14, 2016

*[signature]*
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**