UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EMMANUEL C. GONZALEZ**,<br>    Plaintiff,<br><br>   v.<br><br>**TAGGED, INC.**,<br>    Defendant. | Case No. 16-CV-00574-YGR<br><br>**ORDER DENYING TAGGED, INC.'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 49 |

On June 14, 2016, the Court granted defendant Tagged, Inc.'s ("Tagged") Motion for Summary Judgment on 35 U.S.C. section 101 grounds on the basis of collateral estoppel in this patent infringement suit brought by Plaintiff Emmanuel C. Gonzalez ("Gonzalez"). (Dkt. No. 44.) The Court also denied Gonzalez's concurrent motion to stay the action. (*Id.*) Thereafter, Tagged filed the instant motion seeking attorneys' fees pursuant to 35 U.S.C. section 285 and Federal Rule of Civil Procedure 54(d). (Dkt. No. 49 ("Mot.") Defendant seeks fees in the amount of $253,040.00. Plaintiff opposes the motion. (Dkt. No. 50 ("Opp.").)

Having carefully considered the papers submitted and the record in this case, and good cause shown, the Court hereby **DENIES** the motion.[1]

**I.     LITIGATION HISTORY**

Gonzalez originally filed this action against Tagged on October 22, 2014 in the Eastern District of Texas. *See* Case No. 14-cv-993-JRG-RSP (E.D. Tex.). Gonzalez alleged that Tagged directly infringed six claims in two patents: three claims of U.S. Patent Number 7,558,807 (the "'807 patent") and three claims of U.S. Patent Number 7,873,665 (the "'665 patent") (collectively,

---

[1] While not dispositive here, Tagged did not submit a declaration regarding any meet and confer with Gonzalez's counsel, as required by Civil Local Rule 54-5. Tagged's failure to comply with the Local Rules constitutes a separate basis for denial.

the "Asserted Claims"). Tagged denied infringement and alleged that the Asserted Claims were invalid on Section 101 and Section 102 grounds, 35 U.S.C. sections 101 and 102. That court related this action to similar actions alleging infringement of the same asserted claims, including an action brought by plaintiff against New Life Ventures, Inc. ("NLV"). *See* Case No. 14-cv-907-JRG-RSP (E.D. Tex.) (the "NLV Action"). On February 17, 2015, Tagged filed a motion to transfer venue to the Northern District of California pursuant to 28 U.S.C. section 1404(a), which was granted on September 22, 2015.

Following entry of the transfer order, but before administrative transfer to this Court, Tagged and NLV filed a joint motion for summary judgment based on invalidity of the Asserted Claims on Section 101 grounds. (NLV Action, Consolidated Dkt. No. 142.) On February 6, 2016, Texas Magistrate Judge Payne issued a report and recommendation on the joint summary judgment motion, recommending that Texas District Court Judge Gilstrap deny the same on Section 101 grounds. (*Id*. at Dkt. No. 160.) On February 11, 2016, following a trial, a Texas jury found infringement in Gonzalez's favor and awarded $75,000. (Dkt. No. 40-3.) Then on February 19, 2016, NLV objected to Magistrate Judge Payne's recommended denial. (NLV Action, Dkt. No. 169.) In the interim, Tagged's claims were transferred to this Court. On April 26, 2016, Judge Gilstrap agreed with NLV, vacating Judge Payne's report and recommendation. (*Id*. at Dkt. No. 185, the "NLV Order.") Specifically, the NLV Order found that the Asserted Claims were invalid on Section 101 grounds because they are not directed to patentable subject matter. (*Id*.)

Gonzalez filed a motion to stay the proceedings on the same day the NLV Order issued (Dkt. No. 35.) Tagged then filed a motion for summary judgment, based in part on collateral estoppel given the preclusive effect of the NLV Order here with respect to invalidity of the Asserted Claims under Section 101. The Court denied Gonzalez's motion for stay and granted summary judgment for Tagged. (Dkt. No. 44.)

Gonzalez has filed sixteen (16) patent infringement lawsuits against various defendants and has reached licensing agreements with thirteen (13) of them in amounts ranging from $1,000 to $100,000.

//

## II.  LEGAL STANDARD

The Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). A court may exercise discretion to determine what is "exceptional," taking into account the totality of the circumstances, including such factors as evidence of bad faith litigation, objectively unreasonable positions, or improper conduct either before the Patent and Trademark Office ("USPTO") or the court. *See id.* at 1756-57. In short, courts award attorneys' fees under 35 U.S.C. section 285 "in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757.

## III.  DISCUSSION

Tagged argues that this is an exceptional case for two reasons: 1) Gonzalez's litigating position was exceptionally weak; 2) and he litigated unreasonably. The Court considers these arguments in turn.

### A. Strength of Litigating Position

Tagged attempts to depict Gonzalez as a wholly unreasonable plaintiff who filed the lawsuits with the "goal of extracting nuisance-value settlements" despite his "exceptionally weak litigating position." (Mot. at 13-14.) Specifically, Tagged argues that Gonzalez's litigation position was exceptionally weak because: 1) his patents were facially invalid; 2) he admitted that he did not invent digital labels for websites; and 3) eBay was using the technology Gonzalez accused of infringement before he filed his patent application.

Regarding the first argument, the Texas court did issue a ruling that Gonzalez's patents were invalid under Section 101. However, this was only after the Texas magistrate judge issued a report and recommendation recommending that Tagged's summary judgment motion brought on Section 101 grounds be denied (NLV Action Dkt. No 160), and after a Texas jury found

infringement in Gonzalez's favor and awarded $75,000 in damages. (Dkt. No. 40-3.) The magistrate judge's report and recommendation and the jury's verdict suggest that, at a minimum, Tagged's lawsuit was not objectively unreasonable. *Cf. Segan LLC v. Zynga Inc.*, 131 F. Supp. 3d 956, 960 (N.D. Cal. 2015), *appeal dismissed* (Nov. 4, 2015) (attorneys' fees granted where plaintiff's lawsuit was "objectively baseless from the start" and it was "obvious" that plaintiff's patent described an invention very different from defendant's practice).

Second, the parties dispute whether Gonzalez made misrepresentations to the USPTO on the issues of whether he had invented digital labels and whether prior art existed at the time. Tagged argues that Gonzalez told the patent office that: 1) he had invented a "kind of labeling" that was already "common in commerce in physical form," but had "not heretofore been used or proposed in digital form for websites," and 2) there is "no prior art at all for website labels, much less digital website labels." (Mot. at 4.) These statements, Tagged argues, are irreconcilable with Gonzalez's statements during the litigation that he did not invent "single-parameter digital labeling of websites." (*Id.* at 5.) Gonzalez counters that he disclosed a *method* for utilizing digital labels to the USPTO, and the case was not about who invented the digital label itself. (Dkt. No. 50 "Opp.") at 6.) Regarding the prior art quote, Gonzalez offers the remainder of his statement, which appears to clarify the characteristics of his purported invention. (Opp. at 7-8.) Given the dispute and ambiguity as to what these various statements mean, without more evidence, the Court is not convinced that Gonzalez acted improperly or in bad faith before the USPTO. *Cf. Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2014 WL 3956703, at *10 (N.D. Cal. Aug. 12, 2014) (attorneys' fees granted where plaintiff, among other misconduct, engaged in "gamesmanship" by taking directly contrary positions before the USPTO Board of Patent Appeals and the court).

Third, with regard to Tagged's argument that eBay's website anticipated Gonzalez's patents, a dispute of fact also exists. On the one hand, Tagged argues that a table showing the HTML code used in eBay's website was excluded from the trial, and therefore the jury verdict in Gonzalez's favor does not evidence a reasonable litigating position. On the other hand, Gonzalez contends that the Texas jury received other evidence and argument regarding the eBay prior art issue over the course of the trial, and therefore the jury's decision supports the reasonableness of

4

his position. In any event, this dispute does not invalidate the fact that the Texas magistrate judge decided in Gonzalez's favor on summary judgment. Even if that decision was ultimately vacated, it evidences that Gonzalez's position was not indefensible.

At bottom, Tagged's argument for attorneys' fees is premised on Tagged's ultimate success on its Section 101 arguments. Although Tagged ultimately prevailed in the patent case, that outcome alone does not warrant a finding that the case is exceptional.

### B. Reasonableness of Litigation

Tagged next argues that Gonzalez litigated the case in an unreasonable way that "stands out" from others. (Mot. at 11-14.) Tagged bases this position on three main arguments. First, Tagged contends that Gonzalez acted unreasonably by continuing to prosecute the action after Tagged warned him at the outset that his claims lacked merit under Section 101 and Supreme Court precedent. However, given that the Texas magistrate judge considered both of these authorities in recommending that summary judgment against Gonzalez be denied (NLV Action, Dkt. No. 169), Tagged's argument is unpersuasive. *Cf. Borowski v. DePuy, a Div. of Boehringer Mannheim Co.*, 850 F.2d 297, 304 (7th Cir. 1988) (Rule 11 sanctions appropriate where counsel filed claims that had "no legal foundation" and a "cursory review of Illinois law would have revealed that the claim was meritless").

Second, Tagged repeats the argument that Gonzalez made a bad faith misrepresentation to the USPTO regarding what he invented. As discussed, *supra*, the record does not support such an inference.

Third, Tagged argues that the licensing fee agreements Gonzalez entered into with thirteen of the sixteen defendants evidences that Gonzalez litigated in an unreasonable manner with the intent to extract "nuisance-value settlements." (Mot. at 13.) Relatedly, Tagged argues that Gonzalez's reliance on his attorney to select litigation targets evidences bad faith. However, Gonzalez's lawsuits, licensing agreements, and reliance on his counsel's advice alone do not evidence unreasonable litigation conduct. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1351-52 (Fed. Cir. 2015) (district court did not abuse its discretion in finding that plaintiff did not litigate in an unreasonable manner despite evidence that the plaintiff sued many defendants for

infringement, dismissed its claims when faced with the prospect of trial, and frequently settled with defendants for relatively small amounts); *cf. Kilopass*, 2014 WL 3956703, at *14 (plaintiff's litigation tactics were unreasonable where pre-filing investigation was inadequate, its infringement theories were "objectively baseless" and "exceptionally meritless," it shifted theories late in litigation without following the proper amendment procedures, and it engaged in gamesmanship by simultaneously taking irreconcilable positions before the court and USPTO). In fact, Gonzalez's decision to pursue a trial on the merits in the Texas case cuts against Tagged's argument that it was only seeking nuisance-value settlements. *See SFA Sys.*, LLC, 793 F.3d at 1351. Without more evidence, the Court cannot find that Gonzalez's actions amount to unreasonable litigation tactics.

The totality of the circumstances at issue here do not suggest that Gonzalez's case is exceptional either because the substantive strength of his litigating position was exceptionally weak or because he litigated the case unreasonably.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion for attorneys' fees.

This Order terminates Docket Number 49.

**IT IS SO ORDERED.**

Dated: August 17, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**