UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EMMANUEL C. GONZALEZ**,<br>     Plaintiff,<br>     v.<br>**TAGGED, INC.**,<br>     Defendant. | Case No. 16-CV-00574-YGR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62(D) AND/OR FEDERAL RULE OF APPELLATE PROCEDURE 8(A)**<br><br>**Re: Dkt. No. 55** |

On June 14, 2016, the Court granted defendant Tagged, Inc.'s Motion for Summary Judgment on 35 U.S.C. section 101 grounds on the basis of collateral estoppel in this patent infringement suit brought by Plaintiff Emmanuel C. Gonzalez. (Dkt. No. 44.) The Court also denied Gonzalez's concurrent motion to stay the action. (*Id.*) The Court awarded $6,905.65 in costs to Tagged. (Dkt. No. 52.) On August 17, 2016, the Court denied Tagged's motion seeking attorneys' fees. (Dkt. No. 54.)

Gonzalez now brings the instant motion for relief pursuant to Federal Rule of Civil Procedure 62(d) and/or Federal Rule of Appellate Procedure 8(a) to stay his burden to pay costs to Tagged. (Dkt. No. 55 ("Mot.").) Tagged has opposed the motion. (Dkt. No. 56 ("Opp.").)

Having carefully considered the papers submitted and the record in this case, and good cause shown, the Court hereby **DENIES** the motion.

**I.    BACKGROUND**

This order incorporates the facts of the case previously detailed in the Court's prior orders. (Dkt. Nos. 44 and 54.) Since the Court denied Tagged's motion for attorney's fees on August 17, 2016, the court in the New Life Venture action in the Eastern District of Texas has denied Gonzalez's motion for reconsideration of the judgment in that case. (Mot. at 1.) Gonzalez has

1 filed a Notice of Appeal to the Court of Appeals for the Federal Circuit. (*Id.*)

## II. DISCUSSION

Plaintiff argues that he is entitled to a stay as a matter of right under Rule 62(d) and Federal Rule of Appellate Procedure 8(a). He contends that if his appeal of the Texas judgment is successful, then the basis for this Court's judgment against him would be moot, and he would file a Rule 60(b)(5) motion for relief from the judgment in this Court. Defendant argues that plaintiff is not entitled to a stay of his burden to pay costs pending appeal of the Texas judgment because plaintiff has not filed an appeal of this Court's judgment.

Defendant is correct. Plaintiff may only seek a stay under Rule 62(d) and Rule 8(a) if he has filed an appeal from the judgment in this Court. *See* Fed. R. Civ. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."); Fed. R. App. P. 8(a) ("A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal . . . ."). However, plaintiff has not filed a timely appeal in this Court.

Contrary to plaintiff's argument, the pending nature of the appeal in the Texas case has no effect on the finality of the unappealed judgment in this Court. *See Reed v. Allen*, 286 U.S. 191, 199 (1932) (judgment in Reed's favor based on *res judicata* effect of prior judgment against Allen retained its finality, even after Allen's appeal on the first judgment was reversed); *see also Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882–83 (9th Cir. 2007) ("[A] final judgment retains its collateral estoppel effect, if any, while pending appeal[,]" and "the benefits of giving a judgment preclusive effect pending appeal outweigh any risks of a later reversal of that judgment."). Accordingly, given plaintiff's failure to appeal the judgment in this Court, he is not entitled to relief under Rule 62(d) or Rule 8(a).

If plaintiff's appeal of the Texas judgment succeeds, plaintiff may bring a motion under Rule 60(b)(5) to vacate this Court's judgment. *See* Fed. R. Civ. P. 60(b)(5) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . it is based on an earlier judgment that has been reversed

2

or vacated; or applying it prospectively is no longer equitable . . . ."); *see also Collins*, 505 F.3d at 883.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's motion.

This Order terminates Docket Number 55.

**IT IS SO ORDERED.**

Dated: November 15, 2016

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE